UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 15-57761-tjt

**Aaron Smith,**  Chapter 7

    Debtor.  Hon. Thomas J. Tucker

_____/

**MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(2) AND (3)**

Daniel M. McDermott, United States Trustee, states as follows:

**Jurisdiction**

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b) (1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b) (2) (A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b) (2) and (3). A proposed Order is attached.

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on December 7, 2015.

3. The Debtor's obligations are primarily consumer debts.

4. The Debtor scheduled nonpriority unsecured debt of $45,249.00.

**Presumed Abuse Pursuant to 11 U.S.C. § 707(b)(2)**

5. Pursuant to 11 U.S.C. § 704(b) (1) (a), the U.S. Trustee reviewed the materials filed by the Debtor. On January 19, 2016, the U.S. Trustee filed a Statement of Presumed Abuse ("10-Day Statement").

6. Debtor filed a Chapter 7 Statement of Your Current Monthly Income Form 122A-1 listing annualized income of $125,919.84, which is higher than the State Median income of $65,203.00 for a household size of three.

7. The Debtor filed a Chapter 7 Means Test Calculation Form 122A-2, indicating the Debtor's "monthly disposable income," on Line 39c, is negative $2,143.42 and the 60 month disposable income, Line 39d, is negative $128,605.20.

8. The Debtor indicated that the presumption of abuse does not arise at the top of the Form 122A-2.

9. However, Debtor's Form 122A-2 is not correct.

10. On Line 33d, *List other secured debts*, the Debtor lists an expense of $1,036.00. The correct amount should be $0.00 (zero) as the Debtor is surrendering the property and is no longer required to make this payment.

11. On Line 35, *Do you owe any priority claims such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?* In answer to this question, the Debtor lists an expense of $1,878.93. However, the correct amount should be $0.00 (zero), because upon information and belief, this payment was entered in error on the Form 122A-2.

12. The Debtor has not filed an Affidavit of Special Circumstances to rebut the presumption of abuse.

13. The Debtor has not demonstrated special circumstances to rebut the presumption, such as a serious medical condition, or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

**Abuse Pursuant to 11 U.S.C. § 707(b) (3) - Totality of the Circumstances**

14. The Debtor's Schedule I lists gross monthly income of $10,576.33 and net monthly income of $5,328.53.

15. The Debtor's Schedule J lists monthly expenses of $5,330.00.

16. As scheduled, the Debtor has a monthly deficit of $1.47.

17. The Debtor's Schedule I lists a deduction of $2,348.67. This expense exceeds what is reasonable and necessary without documentation and support.

18. The Debtor's Schedule J also lists expenses which exceed what are reasonable and necessary for his support. They include;

    a. $400.00 for electricity, heat, natural gas;

    b. $1,000.00 for food for a household of three; and

    c. $150.00 for cable in addition to the $250.00 listed for telephone, cell phone, internet, satellite, and cable services.

19. After an appropriate adjustment to the Debtor's schedules, the Debtor would have the ability to repay a substantial portion of his unsecured obligations.

20. The Debtor's attempt to obtain relief under Chapter 7 when he can make meaningful contributions in a Chapter 13 plan constitutes an abuse of the provisions of Chapter 7.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

                                          Respectfully submitted,

                                          **DANIEL M. McDERMOTT**
                                          **UNITED STATES TRUSTEE**
                                          Region 9

                              By:    /s/ Claretta Evans
                                          Trial Attorney
                                          Office of the U.S. Trustee
                                          211 West Fort St - Suite 700
                                          Detroit, Michigan 48226
                                          (313) 226-7912
                                          Claretta.Evans@usdoj.gov
                                          [P36933]

Dated:  February 18, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 15-57761-tjt

**Aaron Smith,**                                 Chapter 7

       Debtor.                                   Hon. Thomas J. Tucker
_____/

## ORDER DISMISSING CHAPTER 7 CASE

**THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above-captioned case under the provisions of § 707(b) (2) and (3) of the Bankruptcy Code.

The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

**IT IS ORDERED** that above-captioned case is **DISMISSED**.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 15-57761-tjt

**Aaron Smith,**  Chapter 7

  Debtor.  Hon. Thomas J. Tucker
_____/

# NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

The United States Trustee has filed papers with the court to dismiss the above entitled case.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

  U.S. Bankruptcy Court
  211 West Fort Street
  Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

  You must also mail a copy to:   Claretta Evans
  Office of the United States Trustee
  211 West Fort Street, Suite 700
  Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

  **DANIEL M. McDERMOTT**
  **UNITED STATES TRUSTEE**
  Region 9

  By:  /s/ Claretta Evans
  Trial Attorney
  Office of the U.S. Trustee
  211 West Fort St - Suite 700
  Detroit, Michigan 48226
  (313) 226-7912
  Claretta.Evans@usdoj.gov
  [P36933]

Dated: February 18, 2016

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                      Case No. 15-57761-tjt

**Aaron Smith,**                                        Chapter 7

        Debtor.                                      Hon. Thomas J. Tucker

_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES TRUSTEE'S MOTION TO
DISMISS CASE UNDER 11 U.S.C. § 707(b) (2) AND (3)**

**Dismissal Pursuant to 11 U.S.C. § 707(b) (2)**

In pertinent part, 11 U.S.C. § 707(b) (1) provides for dismissal (or, with the debtor's consent, conversion) of a chapter 7 case if the Court "finds that the granting of relief would be an abuse of the provisions of this chapter. In turn, § 707(b) (2) (A) (I) provides in pertinent part that the Court shall presume abuse exists if:

> the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,475, whichever is greater; or $12,475.

The standard and actual expenses which a debtor may claim are detailed in § 707(b)(2)(A)(ii), (iii), and (iv).

In practical terms, the statute presumes that a debtor's chapter 7 filing is abusive, if after deducting all allowable expenses from a debtor's income, the

debtor has monthly net disposable income of at least $207.92 (which totals $12,475 over 60 months), or if the net monthly income is greater than $124.75 but less than $207.92 and totals 25% of the debtor's unsecured non-priority debts when multiplied by 60 months.

If the presumption arises, a debtor may only rebut that presumption by demonstrating special circumstances as set forth in 11 U.S.C. § 707(b) (2) (B) (I). Special circumstances are those such as a serious medical condition or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. *Id.* Pursuant to § 707(B) (2) (b) (ii) and (iii) any assertion of special circumstances must be accompanied by documentation and the attestation under oath by the debtor as to the accuracy of the representations. Pursuant to § 707(b) (2) (B) (iv) such additional expenses or adjustments to income rebut the presumption of abuse only, if when substituted for the expenses and income in the Form 22A, no presumption of abuse arises.

Based on the U.S. Trustee's calculations the presumption of abuse arises in this case. Debtor has not asserted any special circumstances to rebut the presumption. Accordingly, the Court should dismiss this case pursuant to 11 U.S.C. § 707(b) (2).

**Rebuttal of Presumption**

The Debtor checked the box indicating that the presumption of abuse does not arise in this case. However, Debtor's calculations are not correct. In any event, Debtor has not filed an affidavit describing any special circumstances.

To assert special circumstances sufficient to overcome the presumption of abuse, the circumstances must be unforeseen or beyond the control of the debtor. See *In re Lightsey*, 374 B.R. 377 (Bankr. S.D. Ga. 2007). The Lightsey Court explained:

> The ["special circumstances"] exception does not permit every conceivable unfortunate or "unfair" circumstance to rebut the presumption of abuse, but includes only those circumstances that cause higher household expenses or adjustments of income "for which there is no reasonable alternative," i.e., they are unforeseeable or beyond the control of the debtor. . . . *In re Sparks*, 360 B.R. 224, 230 (Bankr.E.D.Tex. 2006)("The special circumstances exception] must be strictly construed to allow only those expenses which are truly unavoidable to the debtor."); *In re Tranmer*, 355 B.R. 234, 251(Bankr.D.Mont.2006)("Section 707(b)(2)(B)'s 'special circumstances' contemplates circumstances beyond a debtor's reasonable control.").

Special circumstances that are sufficient to rebut the presumption of abuse are highly unusual and not normally encountered by the typical debtor. See *In re Burggraf*, 436 B.R. 466, 471-72 (Bankr. N.D. Ohio 2010). The court explained:

> The Bankruptcy Code does not specifically define what constitutes a "special circumstance" as applied to §707(b)(2)(B)(i). This provision, however, does provide two examples: (1) a serious medical condition; or (2) a call to active duty in the Armed Forces. Although these conditions are not exclusive, this Court—applying the statutory interpretation canon of ejusdem generis, meaning literally "of the same kind,"—has found that a condition giving rise to a "special

circumstance" should be similar in nature and have characteristics similar to the examples provided in § 707(b)(2)(B)(i). *In re Castle*, 362 B.R. 846, 851 (Bankr.N.D.Ohio 2006). To this end, this Court has observed that the examples in § 707(b)(2)(B)(i) "do show a commonality [in that] they both constitute situations which not only put a strain on a debtor's household budget, but they arise from circumstances normally beyond the debtor's control." Id.

*See also* this Court's opinion in *In re Maura*, 491 B.R. 493 (E.D.M. 2011)(where the Court provides an extensive discussion on what constitutes a "special circumstance").

Debtor has not asserted any special circumstances to rebut the presumption. Accordingly, the Court must dismiss this case pursuant to 11 U.S.C. § 707(b)(2).

**Dismissal Pursuant to 11 U.S.C. § 707(b) (3)**

If the presumption of abuse does not arise or is rebutted, this Court may nevertheless dismiss Debtor's case if the totality of the circumstances of Debtor's financial situation demonstrates abuse.

Section 707(b) (3) provides:

In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A) (I) does not arise or is rebutted, the court shall consider -

(B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

4

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. See, e.g., *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted) (emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b) (3).

After an appropriate adjustment to the Debtor's deductions and expenses, the Debtor would have an ability to repay a meaningful substantial portion of his unsecured obligations.

The Debtor's attempt to obtain relief under Chapter 7 while continuing his excessive spending, and lack of belt tightening, constitutes an abuse of the

provisions of Chapter 7.  *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989), *In re Keating*, 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.).

The granting of relief to the Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b) (3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

## CONCLUSION

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By:   /s/ Claretta Evans
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7912
Claretta.Evans@usdoj.gov
[P36933]

Dated:   February 18, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 15-57761-tjt

**Aaron Smith,**                               Chapter 7

     Debtor.                                   Hon. Thomas J. Tucker

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2016, I served copies as follows:

1.     Documents Served:           *Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2.     Served Upon:                 Aaron Smith
                                                    1440 Kensington Ave
                                                    Grosse Pointe Park MI 48230

3.     Method of Service:             First Class Mail

                                                    **DANIEL M. McDERMOTT**
                                                    **UNITED STATES TRUSTEE**
                                                    Region 9

                                  By:     /s/ Karen Riggs
                                                   Karen.Riggs@usdoj.gov
                                                   Paralegal Specialist
                                                   Office of the U.S. Trustee
                                                   211 West Fort Street - Suite 700
                                                   Detroit, Michigan 48226
                                                   313.226.7259

Dated: February 18, 2016